## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT P., | Case No.: 2:23-cv-00543-REP |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER RE: DEFENDANT'S MOTION TO REMAND CASE PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)** |
| vs. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | **(Dkt. 17)** |

Pending before the Court is Defendant's Motion to Remand Case Pursuant to Sentence Four of 42 U.S.C. § 405(g) ("Motion to Remand") (Dkt. 17). Typically, a plaintiff in a disability appeal stipulates to its remand for further administrative proceedings – indeed, that is often a plaintiff's requested relief. Here, however, Plaintiff opposes Defendant's Motion to Remand, arguing that further administrative proceedings are not necessary, particularly when considering the time already devoted to Plaintiff's underlying claim at the administrative level. For the reasons discussed below, the Court grants Defendant's Motion to Remand, while attempting to identify the true, remaining issue on remand so as to re-orient efforts for an efficient – and long overdue – resolution.

## I. BACKGROUND

Plaintiff began receiving disability insurance benefits on June 1, 1999. AR 14. Plaintiff received monthly disability benefits until his arrest on February 28, 2006, on felony charges. Compl. at 3. (Dkt. 1). Once arrested, Plaintiff stopped receiving monthly

**MEMORANDUM DECISION AND ORDER - 1**

disability benefits.  *Id*.  Plaintiff alleges that he received his last monthly disability

payment in April 2006, representing benefits paid for the month of March 2006.  *Id*.[1]

In October 2006, Plaintiff entered a plea of guilty to the felony charges, although

he was not sentenced until December of 2006.  AR 16, 105–06.

On February 12, 2013, Plaintiff sent a letter to the SSA that is instructive to the

instant action (12 years later).  In the letter, Plaintiff states:

> The reason I am writing today is because I have at least one longstanding
> question that now needs to be answered, to wit; Does continuing payment of
> disability benefits cease by rule or regulation or law at conviction of a crime (or
> plea of guilty) and subsequent imprisonment, or do payments cease upon arrest
> and continuing incarceration awaiting trial or plea but without conviction?
>
> I ask this because I have in my possession a letter from the Office dated
> December 1, 2006 advising me that benefits cannot be paid beginning October
> 2006 because I am "imprisoned for the conviction of a crime."  This verbiage
> implies that until October 2006 I was entitled to continuing payment of S.S.D.I.
> benefits while incarcerated awaiting trial.
>
> Upon review of bank records, I find that I received, via automatic deposit,
> benefit payments for the month of February 2006, deposited in March 2006, and
> the month of March 2006, deposited in April 2006.  This seems to present a
> conundrum.  It seems as if the payments ceased without authorization.  This is
> why I am writing.

AR 105.

On February 26, 2016, Plaintiff was released from prison.  AR 106.  The statement

from the Idaho Department of Corrections noted that Plaintiff was incarcerated from

December 4, 2006 to February 26, 2016.  AR 106.

---

[1]  Plaintiff's Complaint repeatedly references this timeframe as taking place in
2005.  *See* Compl. at 3-4 (Dkt. 1).  The Court understands the appropriate year to be 2006
and incorporates that later year into this Memorandum Decision and Order as necessary.

**MEMORANDUM DECISION AND ORDER - 2**

On March 7, 2016, the SSA informed Plaintiff that it could resume paying benefits beginning in March of 2016.  AR 107.

On August 22, 2016, Plaintiff sent a letter to the SSA claiming he was underpaid $37,752.35 between 1999, when he first began receiving benefits, and March 2006, when his benefits were suspended because of his incarceration.  AR 119–21.  Plaintiff reiterated that he was also owed benefits for the months of April – October 2006, the period during which he was incarcerated but which preceded his conviction.  AR 120.

Apparently, Plaintiff's August 22, 2016 correspondence was never processed.  So, on May 17, 2017, Plaintiff filed a Request for Reconsideration.  AR 122.

On December 18, 2017, the SSA issued a Notice of Reconsideration, denying Plaintiff's underpayment claims, and reasoning:

**The Facts Regarding Your Incarceration**

On February 28, 2006, you were confined at the Bannock County Jail in Pocatello, Idaho. You were convicted of a crime on October 16, 20[06].  You were released from jail on February 26, 2016.

We suspended your monthly benefits for the period of October 2006 through February 2016.  We reinstated your monthly benefits as of March 2016.

**Reconsideration Determination**

Upon reconsideration, we affirm that we correctly suspended your monthly benefits for the period of October 2006 through February 2016.  We suspended your benefits because of your conviction of a crime and your confinement.

We have also reviewed your entire record.  We found that we have paid you the correct amount of monthly Disability benefits from your initial month of entitlement (June 1999) to the present date.

**MEMORANDUM DECISION AND ORDER - 3**

AR 130 (emphasis in original).  Of note, the SSA did not specifically address whether Plaintiff was actually paid disability benefits from April 2006 to September 2006.

On July 25, 2018, Plaintiff filed a Request for Hearing by Administrative Law Judge ("ALJ").  AR 132-133.  Plaintiff stated that the December 18, 2017 Notice from the SSA failed to address all issues he had raised.  AR 133.  On October 30, 2019, following Plaintiff's receipt and review of the administrative record, Plaintiff submitted written comments to the SSA.  AR 206-08.  Plaintiff claimed that he was entitled to the payment of SSDI benefits for the months during which he was incarcerated but not yet convicted and sentenced.  AR 207.  Plaintiff asserted that he did not receive benefits for the months of April 2006 up through November 2006, for an underpayment of $7,730.00. *Id.*

A hearing was conducted by video on August 10, 2022, before an Administrative Law Judge.  AR 20.  At the hearing, Plaintiff agreed that the issue before the ALJ was whether Plaintiff was entitled to disability benefits from April 2006 to November 2006 while incarcerated, but not yet convicted and sentenced.  AR 21 – 22.  The ALJ stated on the record that Plaintiff was entitled to benefits through the date that Plaintiff was sentenced.  AR 22.

Plaintiff additionally claimed that he believed the SSA had underpaid him in excess of $37,000 since June 1999.  AR 23, 30.  In response, the ALJ commented that it was his understanding that the SSA did a recalculation in 2017 and paid Plaintiff approximately $43,000.  AR 24.  Plaintiff denied receiving documentation verifying the

payment,[2] or the payment itself.  *Id.*  The ALJ stated on the record that, to the extent the SSA had not paid this sum, his written order would require the agency to recalculate Plaintiff's benefits and pay the appropriate amount reflected by the agency's records.  AR 32.

On September 29, 2022, the ALJ issued a written decision finding that Plaintiff was underpaid benefits during the two month period from October 1, 2006, to November 30, 2006.  AR 16.  While the ALJ agreed that Plaintiff should have been paid for the months during which he was incarcerated but not yet convicted and sentenced, the ALJ stated that, "[i]t appears the claimant was paid benefits for April 2006 through September 2006."  AR 16.  The ALJ ordered that the case be remanded for a recalculation of benefits for the two month (October and November 2006) period.

Concerning Plaintiff's claim that he was underpaid benefits in the amount of $37,752.35, which represented underpayments between 1999 and 2006, the ALJ ordered the agency to confirm the amounts it previously conceded should have been paid, but were not paid, prior to the agency's suspension of payments in 2006.  AR 16.  The ALJ noted that the agency acknowledged an underpayment of $32,277.50 between 1999 and 2010, but that the record "suggests the issue was resolved with a payment of $43,256.50 in 2017 to correct the underpayment."  AR 17, 144.  Nonetheless, the ALJ remarked that Plaintiff testified he never received such a payment.  AR 17.  Accordingly, the ALJ

---

[2]  Plaintiff repeatedly complains that correspondence from the SSA – beginning with correspondence dated March 27, 2006 – was never received, due to his incarceration in the Bannock County Jail following his arrest.  *See* Resp. to Mot. to Remand at pp. 2-5 (Dkt. 19).  Even if true, this fact is not critical to the Court's immediate analysis.

**MEMORANDUM DECISION AND ORDER - 5**

ordered that the case be remanded for a recalculation of benefits, commenting that "he had no ability to" determine whether Plaintiff was paid the amount by which he was underpaid. AR 17.

Plaintiff timely requested review by the Appeals Council, which denied his request for review on July 13, 2023. AR 3–8. On that date, the ALJ's decision became final. In support of the denial, the Appeals Council explained that there was no basis for changing the ALJ's decision. Plaintiff was advised he would receive a Title II payment due for the months of October and November 2006, pursuant to the hearing decision, and that the $43,256.50 figure in a payment worksheet, which was thought to be an underpayment owed to Plaintiff, actually represented the amount Plaintiff was paid in Title II benefits from 1999 through 2006 rather than an underpayment. AR 3.

Plaintiff appealed the Commissioner's decision to the Court on December 4, 2023.[3] (Dkt. 1.) Plaintiff appears pro se in this matter. Following a request for an extension of time, which was granted, Defendant filed the Administrative Record on

---

[3] Plaintiff was advised that he had 60 days to file a civil action and request court review. AR 4. The 60-day period, which commences 5 days after the date of the Appeals Council notice, expired on September 18, 2023. Plaintiff's complaint was therefore untimely. The sixty-day limit constitutes a statute of limitations. *See Johnson v. Shalala*, 2 F.3d 918, 923 (9th Cir. 1993) (citing *Bowen v. City of New York*, 476 U.S. 467, 478 (1986); *Honda v. Clark*, 386 U.S. 484, 501 (1967)). The statute of limitations is an affirmative defense, and should be raised in a responsive pleading. Fed. R. Civ. P. 8(c). The failure to do so, however, does not preclude a defendant from later bringing a motion based on that defense absent prejudice to the plaintiff. *Little v. United States*, 15 F.3d 1086 (9th Cir. 1993). Here, Defendant failed to raise a statute of limitations defense, thereby waiving it. *Chaker v. Crogan*, 428 F.3d 1215, 1220 (9th Cir. 2005).

MEMORANDUM DECISION AND ORDER - 6

April 2, 2024, which served as Defendant's answer.  Fed. R. Civ. P. Supp. Rule 4. (Dkt. 16.)  Defendant also filed the at-issue Motion to Remand.  (Dkt. 17.)

Defendant contends remand is appropriate for two reasons: (1) to advise Plaintiff of his right to representation at the administrative hearing level; and (2) to issue a new decision that conclusively addresses whether Plaintiff was underpaid $37,752.35 between June 1999 and his incarceration in December 2006.  Def.'s Mem. at 3–4. (Dkt. 17-1.) Defendant asserts that the issue regarding underpayment for the period during which Plaintiff was incarcerated was definitively decided, with the ALJ having concluded that Plaintiff had been underpaid benefits from October 1, 2006 to November 30, 2006.  *Id.* (citing AR 16).  But, because the issue regarding the alleged underpayment of $37,752.35 had not been definitively decided, Defendant claims this issue is appropriately subject to remand.  Defendant did not raise the untimeliness of Plaintiff's complaint as a basis for remand.  *See supra*.

Plaintiff contends there is no basis for remand pursuant to 42 U.S.C. § 405(g), or alternatively, that remand would simply result in further delay.  Pl.'s Response at 6, 9. (Dkt. 19.)  He also insists that, while he has received payment for the months of October and November of 2006, he never received payment for the months of April – September 2006.  Pl.'s Response at 6–7. (Dkt. 19.)  Finally, Plaintiff seeks to dismiss his claim for underpayment of $37,752.35, so that the SSA and the Court can "focus entirely on the issue of improperly denied benefits while Plaintiff was incarcerated in 2006 …."  *Id.* at 7; *see also* Compl. at 4-5 (Dkt. 1).  It appears to the Court that Plaintiff is seeking a

determination from this Court as to the amounts he is owed, and a remand for payment of benefits, for the six months in 2006.

In reply, Defendant contends the motion to remand for further administrative proceedings should be granted, because: (i) the ALJ found that Plaintiff received benefits for April 2006 through September 2006; (ii) the record shows that Plaintiff received benefits for April 2006 through September 2006; and (iii) Plaintiff does not allege any other bases for payment. Def.'s Reply at 2. (Dkt. 20.) In essence, Defendant disagrees that remand is warranted with regard to the ALJ's findings concerning payment for April – September 2006.

Plaintiff filed a response to Defendant's reply. (Dkt. 21.) Plaintiff disputes that the ALJ found he had been paid benefits between April 2006 and November 2006. Pl.'s Response at 2. (Dkt. 21.) He also vehemently objects to remand, considering this matter has been ongoing since 2016. Plaintiff therefore urges the Court to "retain jurisdiction in this matter," decline to remand, and proceed to trial. *Id.* at 3–4.

## II. DISCUSSION

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's determinations: "The court shall have power to enter…a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The Court does not, as Plaintiff insists, have the authority to retain jurisdiction or proceed to a trial.

Ordinarily, "[i]f additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Lewin v.*

MEMORANDUM DECISION AND ORDER - 8

*Schweiker*, 654 F.2d 631, 635 (9th Cir.1981).  The Social Security Act, however, makes clear that courts are empowered to affirm, modify, or reverse a decision by the Commissioner "*with or without* remanding the cause for a rehearing."  42 U.S.C. § 405(g) (emphasis added).  Accordingly, in appropriate circumstances, the Court may reverse and remand a determination by the Commissioner with instructions to calculate and award benefits.  *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014).  Courts have generally exercised this power when it is clear from the record that a claimant is entitled to benefits.  *Id.*

Here, there is no question that the ALJ found, and the Appeals Council affirmed, that Plaintiff was entitled to benefits during the period for which he was incarcerated, but not yet sentenced – the eight month period between April 2006 and November 2006. Plaintiff concedes he was paid for the months of October and November of 2006.  Pl.'s Response at 6–7. (Dkt. 19.)  He has, however, appealed the finding that he was paid for the months of April, May, June, July, August, and September, and he has consistently denied ever receiving payment for these six months.  *Id. See also* AR 221.  Defendant opposes remand for reconsideration of this issue, citing the ALJ's findings.  Def.'s Reply at 2. (Dkt. 20.)

The Court's review of the record does not definitively reveal whether Plaintiff was paid benefits between April 2006 and September of 2006.  Rather, there is evidence he was paid up through April of 2006, but not thereafter.  AR 89, 152 (indicating Plaintiff

received $8,533 in benefits between August 2005 through April 2006).[4]  The ALJ simply

stated that it "appears the claimant was paid benefits for April 2006 through September

2006," without citing to a specific document in the record.  AR 16.  Plaintiff contested

this aspect of the ALJ's decision.  AR 275 ("the months of incarceration but not

convicted, ie.: April, May, June, July, August and September 2006 have most certainly

NOT been paid as asserted by the ALJ in his findings and decision….").  The Appeals

Counsel affirmed the ALJ's decision, but similarly failed to elucidate whether Plaintiff

was actually paid for this six month period.

Plaintiff is entitled to an award of benefits for these six months.  From its own

review of the record, the Court cannot conclusively determine whether benefits were in

fact paid.  Both the ALJ's and the Appeals Council's written decisions fail to point to

evidence in the record showing that benefits were paid for these six months, despite

claiming that to be true.  Defendant cites to AR 58, which was not cited by the ALJ, as

evidence Plaintiff was paid between April 2006 and September 2006.  Def.'s Reply at 2.

But this document fails to establish payments for the entirety of this period.  Rather, the

---

[4]  The record reflects that Plaintiff received $8,533 in benefits for the period
between August 2005 and April of 2006, but the Agency initially, and mistakenly,
determined that these benefits were wrongfully paid due to an outstanding arrest warrant
issued on August 12, 2005, and his later incarceration prior to sentencing, which
commenced in April of 2006.  AR 89, 152.  The Agency therefore issued several notices
of "overpayment," seeking reimbursement from Plaintiff for this sum.  *See* Notices, AR
78–88.  Upon realizing the mistake, the Agency advised Plaintiff that it could pay him for
the months of August 2005 to April of 2006, and informed Plaintiff that they "used
$8,533. of his benefits to recover some of his overpayment."  AR 152.  Essentially, the
Agency reversed the notation in its system that Plaintiff was overpaid, because he was
already correctly paid for that period.  AR 89–90, 152.  Plaintiff has never contested the
receipt of benefits up through April of 2006.

**MEMORANDUM DECISION AND ORDER - 10**

"payments issued" section of this document indicates that $865 was issued in April 2006, and $865 was issued in May of 2006.  AR 58.  There is no further notation of any payment until March 2016, in the amount of $252, with the notation, "retroactive payment."  AR 58.  The next monthly payment is for $1,074 in April 2016.  AR 58; *see also* AR 142.

Accordingly, further administrative proceedings would be useful.  This would enable the agency to clarify whether it paid benefits to Plaintiff for the months of April, May, June, July, August, and September of 2006, and either cite to evidence in the record, or produce evidence, documenting payments for these months.  *See Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (when "the record before the agency does not support the agency action,…the agency has not considered all relevant factors, or…the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.").  Remand is therefore appropriate, and Plaintiff's objection to remand for reconsideration of this issue will be overruled.

Defendant concedes that remand is required for an ALJ to advise Plaintiff of his right to representation and to issue a new decision that conclusively addresses whether Plaintiff was underpaid $37,752.35 between June of 1999 and his incarceration in February of 2006.  Def.'s Mem. at 3–4; Def.'s Reply at 2. (Dkt. 17-1, 20.)  Plaintiff does not directly address these issues, other than to "stipulate" to dismissal of his claim for the $37,752.35 underpayment so that the Court can focus "on the unlawful denial of benefits

**MEMORANDUM DECISION AND ORDER - 11**

to Plaintiff during the months claimed of 2006…."  Pl.'s Response at 8. (Dkt. 19.)  The Court cannot conclude that further administrative proceedings would serve no useful purpose considering the parties' dispute over what now appears to be a relatively discrete issue: the state of any payments to Plaintiff between April and September 2006.  *See Treichler*, 775 F.3d at 1105 ("[i]in light of the conflicts and ambiguities in the record," it would be appropriate to remand for further proceedings).

Nonetheless, the Court is dismayed by both the delay in these proceedings, and the lack of concrete evidence in the record to sustain the ALJ's findings, which are not supported by citation to evidence in the record.  *See* AR 16, 17 ("it appears the claimant was paid…."; "the file does not contain documentation that he was later paid this shortfall….").  Although the Court declines to remand the case with instructions that benefits be immediately awarded, the Court is not without some recourse.  The Court will direct the ALJ to expedite the remainder of the proceedings in this case so as to avoid any further delay.

## CONCLUSION

For the foregoing reasons, this matter is reversed and remanded consistent with the Court's memorandum opinion and order.

## <u>ORDER</u>

NOW THEREFORE IT IS HEREBY ORDERED that:

1)    The decision of the Commissioner of Social Security is **REVERSED**.

2)    This action shall be **REMANDED** to the Commissioner for further proceedings consistent with this opinion. Specifically, the ALJ is to inform the Plaintiff

**MEMORANDUM DECISION AND ORDER - 12**

of his right to representation; further develop the record, as warranted; and issue a new decision that conclusively addresses (a) whether Plaintiff was paid benefits for the months of April, May, June, July, August, and September of 2006; and, (b) whether Plaintiff was underpaid $37,752.35 between June 1999 and his incarceration in February 2006.

3)     The Commissioner is further **ORDERED** to direct the ALJ to expedite the prompt and speedy adjudication of Plaintiff's application with due regard to the ruling and instructions provided herein.

4)     This Remand shall be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

DATED:  March 30, 2025

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

MEMORANDUM DECISION AND ORDER - 13